(77 South. 723)

FARLEY v. BALDWIN et al. (6 Div. 486.)

(Supreme Court of Alabama. Nov. 29, 1917. Rehearing Denied Jan. 24, 1918.)

1. COURTS ⬦106—OPINIONS—DISCUSSION OF QUESTIONS OF FACT.

Under Acts 1915, p. 595, § 3, providing that justices of the Supreme Court shall not be required to write opinions in cases where the decisions relate to questions of fact only, where a discussion of the evidence would serve no useful purpose, the court will merely state its conclusion on questions of fact.

2. BILLS AND NOTES ⬦250—ESCROWS ⬦14 (1)—WRONGFUL DELIVERY—INDORSEMENT—CONDITION.

In an action on a note against one indorsing it before its delivery to the payee, defendant insisted that he indorsed the note under certain representations and agreements which had not been complied with by the payee and with the understanding that the note was to be held by one to whom it was delivered in escrow, and that it was delivered to the payee without the knowledge and consent of defendant or the person to whom it was delivered in escrow and in violation of the agreement without the payee having complied with certain conditions precedent, and also that the note was delivered in escrow merely to help get a trade through or confirm a trade, and that it was agreed that the

note was not to be used or negotiated, possessed, or owned by the payee. *Held* that, if the facts were as claimed, the indorser was discharged from liability on the note.

Appeal from Chancery Court, Jefferson County; A. H. Benners, Chancellor.

Suit by J. G. Farley against J. F. Baldwin and others. From a decree for defendants, complainant appeals. Affirmed.

The bill in this case was filed by the appellant, John C. Farley, against the appellees, J. F. Baldwin and others, to set aside as fraudulent and void as against creditors a conveyance of certain real estate and personal property executed by J. F. Baldwin to his daughter, a respondent to this cause, on November 24, 1915, and to recover a judgment against said Baldwin upon a certain note executed by one Theo Poull and wife, Mary L. Poull, as principal makers, which note is now the property of the complainant, which had been indorsed by said Baldwin before the delivery of the same to the payee, the Anniston Lime Company; said note bearing date of December 23, 1914, in the sum of $5,000. Suit on this note had been instituted by complainant against respondent Baldwin in the city court of Birmingham on November 23, 1915, on the law side of the docket, and upon the conveyance being made above referred to the bill in this cause was filed, and the litigation thereafter continued in the chancery court of Jefferson county.

That the conveyance executed by the respondent Baldwin to his daughter was without consideration, and therefore void as against the note here in question, was not a matter controverted upon the trial of the cause, and is not questioned in brief of counsel for appellees. That phase of the case therefore needs no separate treatment.

It is insisted on the part of respondent that he indorsed the note under certain representations and agreements which had not been complied with by the payee, and with the understanding that the same was to be held by one Jemison, to whom it was delivered in escrow, and that it was delivered to the payee without the knowledge and consent of said respondent or said Jemison, and in violation of such agreement the payee not having complied with certain conditions precedent, and further that, in fact, the note was so delivered in escrow to merely help "get a trade through, or confirm a trade," then pending between the payee and Theo Poull, and that it was agreed that said note was not to be used or in any manner negotiated, possessed, or owned by the Anniston Lime Company.

The complainant insisted that the note was executed by the makers and indorsed by respondent Baldwin, and delivered to the payee, all according to the understanding and agreement of the parties, and that there was no fraud or misrepresentation; that

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

there were no conditions attached to the delivery of the note or its binding effect, other than that contained in a certain memorandum or note in evidence in the cause; and that the note was a binding obligation on the part of said indorser. Complainant further insisted that in any event the note was a commercial paper, and was transferred and delivered to the complainant before maturity for a valuable consideration, without any notice or knowledge of any defense thereto, or of any facts which would lead to such information, and that, in short, complainant was a bona fide purchaser for value without notice.

The respondent also interposed as a defense that he was discharged from liability as indorser on the note because of the failure of the complainant to press the collection of a judgment obtained by him against the Anniston Lime Company, the payee and indorser also of the note; but, as the result of the cause is rested upon the determination of the issues of fact set forth, this alleged defense is here laid out of view.

Upon submission of the cause for final decree upon pleadings and proof, the Chancellor found the issues in favor of the respondent, and decreed accordingly dismissing the bill. From this decree the complainant prosecutes this appeal.

Beddow & Oberdorfer, of Birmingham, and Knox, Acker, Dixon & Sterne, of Anniston, for appellant. Gibson & Davis and Spier Whitaker, all of Birmingham, for appellees.

GARDNER, J. The foregoing statement of the case will suffice for a very general outline of the issues of fact presented for determination, and the contention of the respective parties to this litigation. As no question which would be of value as a precedent is involved in the issues thus outlined, we have deemed it unnecessary to give a more detailed statement of the insistence of the parties to this suit.

The result of this appeal is rested upon the determination of two issues of fact presented: First, whether or not complainant is a bona fide purchaser for value without notice of the note which forms the basis of this suit; and, second, in the event this issue is found adversely to the complainant, whether the respondent Baldwin has established to the reasonable satisfaction of the judicial mind his defense.

[1] The evidence is very voluminous, and has been argued elaborately and ably by counsel for the respective parties. To analyze and discuss the same here would extend this opinion to undue length, and while it might be gratifying to counsel, who have so zealously presented their cause, yet we are of the opinion that such a discussion would serve no useful purpose, and we therefore content ourselves with a mere statement of our conclusion. This is in accordance with the present policy in determining issues of fact. See Acts 1915, pp. 594, 595, § 3.

Suffice it to say the evidence has been most carefully examined and re-examined, and duly weighed and considered in the light of the elaborate argument. Nor do we think any detail of any importance has escaped attention. We are reasonably satisfied from the testimony that the complainant, when he discounted the note here in question, had knowledge of facts sufficient to preclude him from the protection of a bona fide purchaser without notice of a negotiable paper. Section 5011, Code 1907.

[2] It cannot be questioned that, if the evidence offered by the respondent in this cause is to be accepted, it is sufficient to discharge him from liability on the note as indorser. We are reasonably satisfied that the respondent by his proof has sufficiently met the burden upon him in the establishment of his defense.

The determination of these two issues of fact in favor of appellees determines the result of this appeal, and the decree of the chancery court will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.